**IN THE SUPERIOR COURT OF BARTOW COUNTY**
**IN THE STATE OF GEORGIA**

| | | |
|---|---|---|
| TORRENCE BEASLEY, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| vs. | ) | **NO.:** _____ |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| PUBLIC SAFETY, and its Division, | ) | |
| the GEORGIA STATE PATROL, | ) | |
| TROOPER EVAN JOHNSON | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, TORRENCE BEASLEY, ("Mr. Beasley"), Plaintiff in the above styled action, by and through undersigned counsel, and brings this Complaint for Damages against the above-named Defendants, and respectfully shows this Court the following:

**JURISDICTION**

1.

The Courts Jurisdiction is in part pursuant to 28 USC §1331. This is a civil rights action in which the plaintiff seeks relief for the violations of the rights secured by 42 U.S.C §1983, §1988, the Fourth and Fourteenth Amendments to the United States Constitution.

2.

The amount in controversy exceeds $75,000 excluding costs and interests.

3.

Mr. Beasley further shows that the exercise of this Court's jurisdiction over the Defendants is proper in that they committed a series of tortious acts within this state against Mr. Beasley, resulting in the injuries to Mr. Beasley hereafter described.

**VENUE**

4.

Venue lies within the United States District Court for the Northern District of Georgia in that the Defendant Georgia Department of Public Safety, and Trooper Johnson is located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Northern District of Georgia.

**PARTIES**

5.

Plaintiff, Torrence Beasley, a retired Detective from the Atlanta Police Department, is an African American citizen and is a resident of Jonesboro, Georgia.

6.

Defendant Evan Johnson ("Trooper Johnson" or "Defendant Johnson"), an individual is employed as a trooper with the Georgia State Patrol by the GDPS, and as such was acting in the capacity of an agent, servant, and employee of the State of Georgia. Trooper Johnson was the "arresting officer" and was under the command of the GDPS. The defendant is sued in his individual capacity. Defendant Johnson is subject to

the jurisdiction of this Court and can be served at Georgia State Patrol, 959 United Ave. SE, Atlanta, GA 30316.

7.

The Defendant Georgia Department of Public Safety ("GDPS") is a government corporation organized under the laws of the State of Georgia. At all times relevant, GDPS Defendant, and its Division Georgia State Patrol ("GSP"), is a state government agency or subdivision and is sued as Defendant Johnson's employer and was responsible for the policy, practice, supervision, implementation, and conduct of all GDPS personnel. In addition, Defendant GDPS was responsible for enforcing the rules of GDPS, and for ensuring that GSP personnel obey the laws of the United States and the State of Georgia.

8.

At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State. The depravation of Mr. Beasley's constitutional rights are set forth in the following statements of facts and causes of action.

9.

On November 21, 2023, Mr. Beasley As a prerequisite to this suit, sent his anti-litem notice to the Defendants notifying them of the claim pursuant to O.C.G.A. 50-20-26.

10.

A Statute of limitations begins to run when a cause of action accrues. 42 U.S.C. §1983 does not contain a statute of limitation, but the Supreme Court has held that the state limitations period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985). The

United States Court of Appeals for the Eleventh Circuit has held that the Georgia two-year personal injury limitations period for injuries to the person under O.C.G.A 9-3-33 applies to 1983 actions in a Georgia district court. *Mullinax v. McElhenny*, 817 F.2d 711 (11th Cir. 1987).

**FACTS**

11.

On July 14, 2023, Plaintiff was pulled over on Red Top Mountain Road at 1-75 southbound entrance ramp in the city of Cartersville in Bartow County, Georgia by Trooper Johnson.

12.

Trooper Johnson was wearing the uniform, badge, and gun of a trooper of the Georgia State Patrol at all times relevant to this incident.

13.

Trooper Johnson, an employee of the GDPS, falsely and wrongfully accused Mr. Beasley of several moving violations to justify the traffic stop. Once Trooper Johnson stopped Mr. Beasley he falsely and wrongfully accused Mr. Beasley of drinking and driving, failing to maintain lane, giving wrong signal, and improper turn. Because of said charges, Mr. Beasley was arrested by Defendant.

14.

Trooper Johnson did not have probable cause to stop Mr. Beasley for failing to use his signal to change lanes or failing to maintain lane

15.

Once Trooper Johnson ordered Mr. Beasley out of the vehicle, Mr. Beasley

turned on the timer on his watch. Before telling him, he was under arrest, Trooper Johnson grabbed Mr. Beasley by the arm in an attempt to turn off the timer activated by Mr. Beasley.

16.

Trooper Johnson then told Mr. Beasley that he was under arrest.  Trooper Johnson twisted Mr. Beasley's left arm in such a way that it caused him excruciating pain as he was placing the handcuff on him.

17.

 Trooper Johnson then placed the handcuffs on Mr. Beasley in such a way that it was pressing on Mr. Beasley bone. When Mr. Beasley complained, Trooper Johnson ignored him. Mr. Beasley was forced to endure the pain all the way to jail.

18.

Mr. Beasley was then transported to Bartow County Jail, booked, fingerprinted, and photographed.  Mr. Beasley spent the night in jail and was required to post a $5000 bond in connection with the alleged charges.

19.

Once Mr. Beasley, was released from jail he was forced to retain an attorney to represent him and address the charges.

20.

Along with the traffic charges, Trooper Johnson submitted a petition to have Mr. Beasley's driver's license administratively suspended. Mr. Beasley was forced to attend the administrative hearing and the traffic court case twice.

21.

Mr. Beasley felt violated, raped of his rights, and terribly embarrassed because he was forced to stand outside his vehicle during the traffic stop with the cruiser's light flashing, forced to have to go through the booking process, forced to have a mugshot taken which is a matter of public record and forced to have to appear as a defendant in court as a direct result of the Defendants' malicious and intentional acts. Because of the humiliation inflicted on Plaintiff by Defendants, he has suffered severe emotional distress.

22.

In order to prove that he does not drink and that he wasn't impaired that he was less safe to drive, Mr. Beasley, after his release from jail he went to Piedmont clinic where they performed a breath test for alcohol that came back negative for alcohol consumption.

23.

On July 20, 2023, Mr. Beasly went to Quest Diagnostic to have a hair substance abuse panel test performed that checked for alcohol consumption for the last 90 days that came back negative for alcohol and other drugs.

24.

In order to perform the test, they had to cut two plugs from Mr. Beasley hair/style that he had been growing for 10 years. The procedure left a bald spot in Mr. Beasley's hair. This forced him to have to cut his hair down to his scalp and start the growth process all over again.

25.

Mr. Beasley attended the administrative hearing and the traffic court case calendar. Subsequently, all the charges were dismissed after Mr. Beasley was able to show he did not consume alcohol.

## COUNT I

### FALSE ARREST AND IMPRISONMENT UNDER GEORGIA LAW BY TROOPER JOHNSON

26.

The foregoing paragraphs are re-alleged, restated, and incorporated herein as though fully set forth herein.

27.

Mr. Beasley was lawfully operating his motor vehicle on July 14, 2023, when Trooper Johnson pulled him over. He was not committing any crimes or behaving in any manner that would have warranted his arrest.

28.

Trooper Johnson's conduct was arbitrary, capricious, harassing, and pre-textual.

29.

During the detention of Mr. Beasley, he advised Trooper that he did not drink. The manner of arrest and detention of Mr. Beasley by Defendant Trooper Johnson in this case and the length of detention were wholly unreasonable under all circumstances, and

Defendant Trooper Johnson is therefore liable to Mr. Beasley for the tort of false arrest and false imprisonment.

30.

During the course of his arrest of Mr. Beasley as described above, Trooper Johnson engaged in unauthorized insults and unwarranted humiliating physical contact with the person of Mr. Beasley, and Defendant is therefore liable to Mr. Beasley for the tort of battery.

## COUNT II

### FALSE ARREST AND IMPRISONMENT VIA 42 U.S.C.§ 1983
### BY DEFENDANTS

31.

The foregoing paragraphs are re-alleged, restated, and incorporated herein as though fully set forth herein.

32.

Defendants' conduct in stopping and arresting Mr. Beasley without probable case, and placing him, against his will, in handcuffs, and in a holding cell, constitutes a violation of Mr. Beasley's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure, and is actionable pursuant to 42 U.S.C.§ 1983.

## COUNT III

### MALICIOUS PROSECUTION
### UNDER GEORGIA LAW AND 42 U.S.C.§ 1983

33.

The forgoing paragraphs are re-alleged, restated and incorporated herein as though fully set forth herein.

34.

Mr. Beasley was forced to appear at the administrative hearing and appear at the traffic court case twice.

35.

Defendant Evan Johnson wrongful of an arrest warrantless arrest of Mr. Beasley based on patently false allegations against Mr. Beasley constituted the initiation of a criminal proceeding against Mr. Beasley, which proceedings were concluded in Mr. Beasley's favor. Defendant Johnson's actions therefore constitute the tort of malicious prosecution under Georgia Law and 42 U.S.C.§ 1983.

## <u>COUNT IV</u>

### BATTERY BY DEFENDANT TROOPER JOHNSON

36.

The foregoing paragraphs are re-alleged, restated and incorporated herein as though fully set forth herein.

37.

During the course of the arrest of Mr. Beasley as described above, Trooper Johnson engaged in unwarranted and unwelcomed physical contact with the person of Mr. Beasley, and Defendant Johnson is therefore liable to Mr. Beasley for the tort of battery.

38.

As a direct and proximate result of the Defendants actions, Mr. Beasley suffered

damages.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BY DEFENDANT TROOPER JOHNSON

39.

The foregoing paragraphs are re-alleged, restated and incorporated herein as

though fully set forth herein.

40.

Defendant's conduct was extreme and outrageous and was intended to and did

cause Plaintiff to suffer severe mental distress.

41.

Defendant's treatment of Mr. Beasley was wanton, willful, and a reckless

disregard of the rights of Mr. Beasley.

42.

As a proximate result of Defendant's conduct, Mr. Beasley suffered mental pain,

anguish, and wounded feelings.

## COUNT VI

### NEGLIGENT HIRING

43.

The foregoing paragraphs are re-alleged, restated, and incorporated herein as though fully set forth herein.

44.

Defendant GDPS failed to exercise reasonable diligence and care in hiring Defendant Trooper Johnson and such failure was the proximate cause of the injuries suffered by Mr. Beasley on July 14, 2023.

## COUNT VII

### NEGLIGENT RETENTION

45.

The foregoing paragraphs are re-alleged, restated, and incorporated herein as though fully set forth herein.

46.

Defendant GDPS failed to exercise reasonable diligence and care in continuing to employ Defendant Johnson, and such failure was the proximate cause of the injuries suffered by Mr. Beasley on July 14, 2023.

## COUNT VIII

### NEGLIGENT TRAINING AND SUPERVISION

47.

The foregoing paragraphs are re-alleged, restated, and incorporated herein as though fully set forth herein.

48.

Defendant GSP failed to exercise reasonable diligence and care in training and supervising Defendant Johnson and such failure was the proximate cause of the injuries suffered by Mr. Beasley on July 14, 2023.

## COUNT IX

### ATTORNEY'S FEES

49.

The foregoing paragraphs are re-alleged, restated, and incorporated herein as though fully set forth herein.

50.

To the extent that Defendant contests liability in this case where liability is clear, Plaintiff is entitled to recover attorney's fees. *Daniel v. Smith*, 266 Ga. App. 637 (2004).

51.

Defendants acted in bad faith and have caused Plaintiff unnecessary trouble and expense, which entitles Mr. Beasley to reimbursement for the expenses of litigation, including reasonable attorney's fees.

**WHEREFORE**, Plaintiff prays that he has a judgment against GDPS and Trooper Johnson:

(a)    that Plaintiff be awarded general and compensatory damages in an amount to be determined at trial;

(b)    that Plaintiff be awarded attorney's fees and litigation expenses for having to file a formal lawsuit in this matter in an amount to be shown at trial;

(c)    that Plaintiff be granted a jury trial on all issues on this case; and

(d)     that Plaintiff have such other and further relief as is just and proper.

This 4th day of October 2024.

Respectfully submitted,

**THE BURKE LAW GROUP, LLC**

*s/ E. Earle Burke*
E. Earle Burke
Georgia Bar No. 095550
*Attorney for Plaintiff*

199 Peters Street, SW
Suite A
Atlanta, Georgia  30313
Telephone: (404) 688-1210
Facsimile: (404) 688-125