# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Torrence Beasley,

                Plaintiff,

                        Case No. 1:24-cv-4520-MLB

v.

Georgia Department of Public
Safety, and Trooper Evan Johnson,

                Defendants.

_____/

## **OPINION & ORDER**

Defendant Johnson is a state patrol trooper for the Georgia Department of Public Safety ("GDPS"). (Dkt. 27 ¶¶ 10–11.) In 2023, he stopped Plaintiff on an entrance ramp to Interstate 75, arrested him for drunk driving and other traffic infractions, and transported him to Bartow County Jail. (Dkt. 27 ¶¶ 19–21, 26–27.) Plaintiff, who is African American, spent the night in jail and bonded out the next day. (Dkt. 27 ¶¶ 9, 27–28.) Plaintiff was "subject to criminal prosecution for three months"—and appeared in court twice—before the prosecutor dismissed the charges. (Dkt. 27 ¶¶ 29–30, 34, 65–66.) This suit followed. Plaintiff's

complaint asserts claims for race discrimination under Title VI (Count 1), false arrest and false imprisonment (Count 2), malicious prosecution (Count 3), battery (Count 4), intentional infliction of emotional distress (Count 5), injunctive relief (Count 6), and attorneys' fees (Count 7). (Dkt. 27 ¶¶ 42–84.) Defendants now move to dismiss. (Dkt. 28.) The Court sua sponte dismisses a portion of Plaintiff's claims for lack of subject matter jurisdiction but otherwise grants Defendants' motion.

## I.    Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This requires more than a "mere possibility of misconduct." *Id.* at 679. Plaintiff's well-pled allegations must "nudge[] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II.    Count 1 (Title VI Race Discrimination)

Count 1 purports to assert a Title VI race discrimination claim against GDPS through the procedural vehicle of 42 U.S.C. § 1983. (Dkts. 27 ¶¶ 42–52; 30 at 9–12.) Plaintiff seeks only declaratory and injunctive relief for this claim, including "an order that the GDPS make reasonable modifications to its policies and practices to ensure that motorists do not suffer further discrimination based on race." (Dkt. 27 ¶¶ 51–52.) The Court sua sponte dismisses this claim for lack of subject matter jurisdiction because Plaintiff has not shown he has Article III standing to seek the equitable relief he requests. *See Watson v. Lockette*, 379 F. App'x 822, 824 (11th Cir. 2010) ("[A] district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss the complaint if it concludes that subject matter jurisdiction is lacking.").[1]

A plaintiff has standing to seek declaratory or injunctive relief to prevent a future injury only if "the threatened injury is certainly

---

[1] The Court recognizes *Watson* is not binding. The Court cites it and other unpublished cases as instructive, nonetheless. *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

impending" or there is a "substantial risk" the injury will occur. *Jarrard v. Moats*, 2021 WL 1192948, at *9–10 (N.D. Ga. Mar. 30, 2021); *see City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 107 n.8 (1983) (standing to seek prospective relief requires "a real and immediate threat of future injury"). "[A]llegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l*, 568 U.S. 398, 409 (2013). Nor is a "realistic threat," an "objectively reasonable likelihood" of harm, or "a 'perhaps' or 'maybe' chance" of injury. *Id.* at 410; *Summers v. Earth Island Inst.*, 555 U.S. 488, 499–500 (2009); *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1340 (11th Cir. 2000). That the court could "imagine or piece together [a sufficient] injury" from plaintiff's allegations is not enough. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (11th Cir. 2005). Instead, plaintiff must "clearly and specifically set forth facts" showing the injury will occur. *Id.*; *see Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). If plaintiff does not do so, the court "lacks the power to create jurisdiction by embellishing [plaintiff's] deficient allegation[s]." *Bochese*, 405 F.3d at 976.

The injury Plaintiff seeks to avoid here is "further [race] discrimination" from Georgia's state patrol troopers. (Dkt. 27 ¶¶ 4, 37,

51.)  But Plaintiff does not plausibly plead he is likely to suffer this injury in the imminent future.  *See Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1339 (11th Cir. 2021) (plaintiff must "plausibly" plead standing).  Nothing suggests Plaintiff's prior encounter with Defendant Johnson involved race discrimination and, even if it did, Plaintiff does not allege he is likely to encounter Defendant Johnson and suffer further discrimination from him anytime soon.  *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1265 (11th Cir. 2003) ("When a plaintiff cannot show that an injury is likely to occur immediately, the plaintiff does not have standing to seek prospective relief even if he has suffered a past injury."); *Stanley v. Broward Cty. Sheriff*, 773 F. App'x 1065, 1069 (11th Cir. 2019) ("Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.").  Nor does Plaintiff plausibly allege he is likely to imminently encounter and suffer discrimination from *other* state patrol troopers. Indeed, he doesn't identify any such troopers, allege anything about their practices, or describe any prior incidents of discrimination in which they were involved.

To be sure, Plaintiff claims Defendant Johnson "disproportionately arrested" African Americans in other traffic stops. (Dkt. 27 ¶ 38.) But Plaintiff offers no details about these arrests, making it impossible to conclude they were discriminatory. Plaintiff also alleges Defendant Johnson has "racial bias against African Americans," GDPS has "deliberately chosen not to take any corrective action," GDPS "subjected [Plaintiff] to discrimination based on his race," "Defendants have engaged in discriminatory harassment, false arrests, and unlawful stops, searches, or arrests based on race," this "misconduct constitutes a pattern or practice," and Plaintiff is "at risk [of] further violations of [his] constitutional rights based on race." (Dkt. 27 ¶¶ 3, 37, 39, 45, 47.) But these allegations—and others like them in the complaint—are conclusory, meaning the Court cannot consider them. *See Garcia v. Madison Cnty. Alabama Sheriff's Off.*, 2021 WL 3238813, at *4 n.4 (11th Cir. July 30, 2021) ("[T]he district court must . . . disregard conclusory allegations."). Plaintiff further alleges "GDPS's policies do not allow citizens to file formal complaints against officers," and Defendant Johnson botched Plaintiff's arrest in several respects. (Dkt. 27 ¶¶ 2–3, 21–26, 31–32, 36, 57–58.) But it would be wildly speculative to predict

imminent race discrimination against Plaintiff based only on GDPS's general complaint policies. *See Clapper*, 568 U.S. at 410 ("[A] theory of standing, which relies on a highly attenuated chain of possibilities, does not satisfy the requirement that threatened injury must be certainly impending."). And even assuming Defendant Johnson improperly arrested Plaintiff or otherwise mistreated him, the facts simply do not support a plausible link between that mistreatment and Plaintiff's race. Nor do they suggest Defendants are substantially likely to subject Plaintiff to further race discrimination or that such discrimination is certainly impending. "Absent a sufficient likelihood that he will again be wronged in a similar way," Plaintiff lacks Article III standing to assert his claims for equitable relief under Count 1. *Lyons*, 461 U.S. at 111.

Even if Plaintiff did have standing to assert Count 1, the Court would dismiss the claim on the merits for the reasons stated in Defendants' briefing. (Dkt. 28-1 at 6, 13–14.) Specifically, Plaintiff has not shown GDPS subjected him to intentional race discrimination, which is required to state a claim under Title VI. *See Zadoorian v. Gwinnett Tech. Coll.*, 2024 WL 1554362, at *2 (11th Cir. Apr. 10, 2024) (Title VI requires "intentional discrimination"); *Carr v. Bd. of Regents of Univ.*

*Sys. of Georgia*, 249 F. App'x 146, 148 (11th Cir. 2007) (Title VI requires "discriminatory intent").  And to the extent Plaintiff purports to assert his Title VI claim against GDPS via Section 1983, he cannot do so because GDPS is "an arm of the state"—and "a state or state agency is not a 'person' against whom a § 1983 claim may be brought."  (Dkt. 27 ¶¶ 1, 10); *McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles*, 438 F. App'x 754, 756 (11th Cir. 2011) ("The Florida Highway Patrol is a state agency, and as such the McGinleys cannot bring a § 1983 claim against it.").

## III.   Count 2 (Federal False Arrest and False Imprisonment)

Count 2 asserts federal claims against Defendant Johnson for false arrest and false imprisonment.  (Dkt. 27 ¶¶ 53–63.)  Defendant Johnson says qualified immunity bars these claims.  (Dkt. 28-1 at 6–12.)  The Court agrees.

"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established . . . constitutional rights of which a reasonable person would have known."  *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018).  An official asserting this defense must

show he "engaged in a discretionary function when he performed the acts of which the plaintiff complains." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). The burden then "shifts to the plaintiff to show that the defendant is *not* entitled to qualified immunity." *Id.* This requires a plaintiff to show the "defendant violated a constitutional right" and "the unlawfulness of [the defendant's] conduct was clearly established at the time." *Id.*; *D.C. v. Wesby*, 583 U.S. 48, 63 (2018).

To make that showing in a case involving claims for false arrest and false imprisonment, a plaintiff must show the defendant lacked both actual and arguable probable cause to arrest him. *Youngblood v. City of Georgiana, Alabama*, 2025 WL 1620857, at \*5 (11th Cir. June 9, 2025); *German v. Sosa*, 399 F. App'x 554, 556 (11th Cir. 2010). A defendant lacks *actual* probable cause if no "reasonable officer could conclude that there was a substantial chance of criminal activity." *Garcia v. Casey*, 75 F.4th 1176, 1187–88 (11th Cir. 2023); *Edger v. McCabe*, 84 F.4th 1230, 1236 (11th Cir. 2023). A defendant lacks *arguable* probable cause if (1) a preexisting binding court decision found "there was no actual probable cause for an arrest on similar facts," (2) "the text of an applicable statute

plainly precludes [defendant] from making an arrest under that statute," or (3) defendant is "so lacking in evidence to support probable cause that the arrest [is] obviously unconstitutional." *Garcia*, 75 F.4th at 1186–87. Ultimately, defendant is entitled to qualified immunity if "a reasonable officer, looking at the entire legal landscape at the time of the arrest[], could have interpreted the law as permitting the arrest[]." *Id.* at 1187.

Plaintiff concedes Defendant Johnson was acting within his discretionary authority as a state patrol trooper when he arrested Plaintiff for drunk driving and other traffic infractions. (Dkts. 27 ¶ 35; 30 at 12.) Thus, to defeat qualified immunity, Plaintiff must show Defendant Johnson lacked both actual and arguable probable cause to make the arrest. Plaintiff has not met that burden.

Defendant Johnson had actual probable cause to stop and arrest Plaintiff because he reasonably believed "there was a substantial chance" Plaintiff violated O.C.G.A. § 40-6-120(2)(B). *Edger*, 84 F.4th at 1236. Section 40-6-120(2)(B) says "[t]he driver of a vehicle intending to turn left shall approach the turn in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of the turning vehicle." O.C.G.A. § 40-6-120(2)(B). Defendant Johnson's dashcam footage

suggests Plaintiff violated this provision moments before his arrest because it shows Plaintiff driving on the right lane of a two-lane road; coming to an intersection where a third lane emerges for left-turning vehicles; turning left at the intersection; and doing so directly from the right lane rather than the "extreme left-hand lane." (*See* Dkt. 13 at 00:00–00:16); *State v. Newsom*, 905 S.E.2d 618, 622 (Ga. 2024) (Section 40-6-120(2) "requires a driver making a left turn to start and end that turn in the left lane").[2]  The footage also shows Defendant Johnson audibly identified this violation both as soon it occurred—seconds before he pulled Plaintiff over—and again when Plaintiff stepped out of his vehicle and asked what he did wrong. (*See* Dkt. 13 at 00:19–00:23 ("Improper lane change going all the way from the right lane."), 02:53–02:59 ("You went from the right lane and turned left onto the Interstate from the right lane.").)  This traffic violation, "committed in [Defendant Johnson's] presence," was a misdemeanor for which he was entitled to

---

[2] The Court considers Defendant Johnson's dashcam footage because it "clearly depict[s] the events that are central to [Plaintiff's] claims" and Plaintiff "does not argue that the video[] [was] altered in any way or do[es] not depict what actually happened." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1301 (11th Cir. 2024).  "Where the video is clear and obviously contradicts the plaintiff's alleged facts," the Court "accept[s] the video's depiction instead of the complaint's account." *Id.*

arrest Plaintiff under Georgia law. *Lopez v. State*, 650 S.E.2d 430, 433 (Ga. Ct. App. 2007) ("OCGA § 17-4-20 permits a police officer to make a warrantless [custodial] arrest for a crime committed in his presence. This power extends to misdemeanor offenses."); O.C.G.A. § 40-6-1(a) (traffic violations are misdemeanors).

That the misdemeanor was "very minor"—a run-of-the-mill traffic violation—does not change the analysis. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").  Nor does it matter that Plaintiff was handcuffed, taken to jail, booked, fingerprinted, photographed, and released on bond.  (Dkt. 27 ¶¶ 26–27, 55, 58); *see Atwater*, 532 U.S. at 323, 354–55 (no Fourth Amendment violation where plaintiff was arrested for a "seatbelt violation punishable only by a [$50] fine," even though plaintiff was handcuffed, placed in a squad car, taken to a police station, searched, photographed, jailed, and released on bond).  It likewise doesn't matter that Defendant Johnson purported to arrest Plaintiff for additional offenses for which probable cause may have been missing. *See Williams*

*v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) ("[T]he any-crime rule . . . insulates officers from false-arrest claims so long as probable cause existed to arrest the suspect for some crime, even if it was not the crime the officer thought or said had occurred.").

Defendant Johnson also had *arguable* probable cause to arrest Plaintiff for his improper left turn because Plaintiff "does not cite, and [this Court has] not found, any already existing law as of [July 2023] that clearly established—beyond debate—the unlawfulness of an arrest under the circumstances present here." *Henley v. Millsap*, 2022 WL 3654846, at *4 (11th Cir. Aug. 25, 2022). No pre-existing binding case held probable cause was missing under similar facts. *Garcia*, 75 F.4th at 1187. Georgia's traffic statute did not "plainly preclude[]" Defendant from making the arrest. *Id.* And, given what Defendant saw from his patrol vehicle as captured on his dashcam, he was not "so lacking in evidence to support probable cause that the arrest was obviously unconstitutional." *Id.* A reasonable officer looking at the totality of the circumstances could have interpreted the law as permitting Plaintiff's arrest. So Count 2 is barred by qualified immunity.

## IV.    Count 3 (Federal Malicious Prosecution)

Count 3 asserts a federal malicious prosecution claim against Defendant Johnson.  (Dkt. 27 ¶¶ 64–69.)  Malicious prosecution requires "a seizure pursuant to legal process," meaning Plaintiff must show he was "arrested pursuant to a warrant" or was "seiz[ed] following an arraignment, indictment, or probable-cause hearing." *Williams*, 965 F.3d at 1158; *McAffee v. City of Clearwater*, 2023 WL 2823392, at *3 (11th Cir. Apr. 7, 2023).  Defendant Johnson argues Plaintiff has not made this showing and thus dismissal is required.  (Dkt. 28-1 at 14–15.)  The Court agrees.

Plaintiff's complaint alleges he was subject to a "warrantless arrest" (meaning he was seized but not pursuant to legal process) and was "released" the next day (meaning his seizure ended before legal process began).  (Dkt. 27 ¶¶ 27–28, 67.)  These events do not support a claim for malicious prosecution.  *See Martin v. Miami Dade Cnty.*, 2024 WL 1434329, at *7 (11th Cir. Apr. 3, 2024) ("[A] warrantless arrest constitutes a seizure *without* legal process and will not support a malicious prosecution claim.").  Plaintiff could still have a claim if he suffered a "*subsequent* . . . seizure pursuant to legal process" (that is, a

seizure after his initial arrest and release). *Id.* (emphasis added). But he doesn't allege that happened. He doesn't say he later faced an arraignment, indictment, or probable-cause hearing, much less that he was taken into custody after those processes. And, more generally, he doesn't allege "any seizure occurred after the commencement of . . . judicial proceedings" against him. *McAffee*, 2023 WL 2823392, at *3.

True, he claims he attended an "administrative hearing," twice "appear[ed] as a defendant in court," and was "subject to criminal prosecution for three months." (Dkt. 27 ¶¶ 29–30, 34, 65–66.) But neither the pendency of his criminal prosecution nor his attendance in court qualifies as a "seizure" under the Fourth Amendment. *See Donley v. City of Morrow, Georgia*, 601 F. App'x 805, 814 (11th Cir. 2015) (defendant was not "seized under the Fourth Amendment" where he was arrested without a warrant, "released on signature bond," "arraigned," and then "attend[ed] hearings during the . . . court proceedings"); *Rusk v. City of Birmingham, Alabama*, 2025 WL 1372998, at *7 (N.D. Ala. May 12, 2025) ("[T]he existence of a pending prosecution, even if it created apprehension or inconvenienced the [plaintiff], does not plausibly allege [a seizure]."). That Plaintiff "was required to post a $5,000 bond" is also

insufficient.  (Dkt. 27 ¶ 27); *see Donley*, 601 F. App'x at 814 ("[T]he normal conditions of pretrial release, such as bond and a summons to appear, do not constitute a seizure, barring some significant, ongoing deprivation of liberty, such as a restriction on the defendant's right to travel interstate.").

"[A] plaintiff who is subjected to a warrantless arrest but is not detained after the commencement of judicial proceedings generally does not suffer a seizure pursuant to legal process."  *McAffee*, 2023 WL 2823392, at *2.  As best the Court can tell, that is what happened here. Count 3 is thus dismissed for failure to state a claim.

## V.  Counts 4–5 (State-Law Battery and Intentional Infliction of Emotional Distress)

Counts 4–5 assert state-law claims against Defendant Johnson for battery and intentional infliction of emotional distress.  (Dkt. 27 ¶¶ 70–77.)  Defendant Johnson argues these claims are barred by the Georgia Tort Claims Act ("GTCA").  (Dkt. 28-1 at 15.)  The Court agrees.

The GTCA says "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor."  O.C.G.A. § 50-21-25(a). Plaintiff's complaint alleges both that Defendant Johnson was an

"employee of the State of Georgia" and that his "torts . . . were committed while he was acting within the scope of his official duties and employment." (Dkt. 27 ¶¶ 11, 35.)  Thus, under the plain language of the GTCA, Defendant Johnson "is not subject to lawsuit or liability" for the torts he allegedly committed.  O.C.G.A. § 50-21-25(a); *see Crosby v. Perry*, 2010 WL 2464887, at *9–10 (M.D. Ga. June 14, 2010) (GTCA barred claims for battery and intentional infliction emotional distress because the claims "arose from the performance of Defendant's official duties as a Georgia State Patrol officer").

Plaintiff cannot save his state-law tort claims by purporting to assert them through the procedural vehicle of Section 1983, as he apparently seeks to do.  (*See* Dkts. 27 at 20–21; 30 at 22.)  "[A] tort claim based purely on state law cannot be brought under § 1983."  *Sarver v. Jackson*, 344 F. App'x 526, 529 (11th Cir. 2009); s*ee Smith v. Hosp. Auth. of Cobb Cnty.*, 697 F. App'x 657, 658 (11th Cir. 2017) (a plaintiff "cannot use § 1983 to litigate state claims in federal court").  Nor can he do so by purporting to ground his claims for "battery" and "intentional infliction of emotional distress" in the Fourteenth Amendment rather than state law.  (*See* Dkt. 27 at 20–21 (referencing "the Fourteenth Amendment" in

the headings for Counts 4–5)); *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 678 (6th Cir. 2005) ("intentional infliction of emotional distress" is a "state law claim," not "a cognizable constitutional claim"); *Uribe v. Shinnette*, 2019 WL 2208228, at *1 n.1 (E.D. Cal. May 22, 2019) ("battery is not a cognizable [constitutional] claim" and "can only be considered as a state law tort claim"). The Court thus dismisses Counts 4–5 as barred by the GTCA.[3]

## VI. Count 6 (Injunctive Relief)

Count 6 is pled in shotgun fashion. It is opaquely titled "Claim for injunctive relief for Fourth, Fourteenth, Amendments and in violation of 42 U.S.C. § 1981 (against all Defendants)." (Dkt. 27 at 22.) The body of the count lists—but does not explicitly allege a violation of—several rights, including (1) Plaintiff's "right to be secure in his person from

---

[3] To the extent Plaintiff asserts other state-law tort claims against Defendant Johnson—including claims for false arrest, false imprisonment, and malicious prosecution, which he arguably asserts in Counts 2–3—those claims are likewise barred by the GTCA. *See Smith v. Hatcher*, 516 F. Supp. 3d 1369, 1377–78 & n.5 (S.D. Ga. Jan. 19, 2021) ("[t]he GTCA shields Defendant Browning from being sued individually for the state law claims alleged against her"—including claims for false arrest, false imprisonment, and malicious prosecution—because "Defendant Browning was acting within the scope of her [state] employment . . . when the alleged misconduct occurred").

unreasonable seizure through excessive force, under the Fourth Amendment"; (2) "[t]he right to bodily integrity and to be free from physical harm law enforcement under the Fourth Amendment"; (3) "[t]he right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981"; and (4) "[t]he right to be free from malicious prosecution under the Fourth and Fourteenth Amendments."  (Dkt. 27 ¶ 80.)  The count also includes no meaningful factual allegations but "seeks appropriate declaratory and injunctive relief" based on "the above factual statements," which are "incorporate[d] . . . as if fully stated herein."  (Dkt. 27 ¶¶ 78, 81.)  The combination of these features makes it virtually impossible to know which claims are asserted against which Defendant based on which allegations, or which relief is sought in connection with which claim. Count 6 thus violates the Eleventh Circuit's rules against shotgun pleading.  See *Boyd v. DeKalb Cnty.*, 2024 WL 1230121, at *2 (N.D. Ga. Feb. 20, 2024) ("Shotgun pleadings are cumbersome, confusing complaints that fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").

The Court also lacks subject matter jurisdiction over Count 6 because Plaintiff has not shown the equitable relief he seeks—whether declaratory or injunctive—is necessary to prevent a future injury that is certainly impending or substantially likely to occur.  Plaintiff's encounter with Defendants is over.  And, as explained in connection with Count 1, nothing suggests he is likely to again encounter and suffer mistreatment from Defendants in the imminent future.

Count 6 fails on the merits, too.  It purports to seek injunctive relief, which means "plaintiff must show a likelihood of substantial and immediate irreparable injury."  *Strober v. Payless Rental Car*, 701 F. App'x 911, 913 n.4 (11th Cir. 2017).  Plaintiff has not made that showing, for the same reasons he has not established standing.  (Dkt. 28-1 at 16.)  Plaintiff also purports to assert Count 6 via Section 1983, which means the count cannot proceed against GDPS because GDPS is "not a 'person' against whom a § 1983 claim may be brought."  *McGinley*, 438 F. App'x at 756; (*see* Dkt. 28-1 at 6).  Finally, Plaintiff has not shown Defendants caused him a "contractual injury" as required to state a claim under Section 1981.  (Dkt. 28-1 at 16); *see Watts v. Joggers Run Prop. Owners Ass'n, Inc.*, 133 F.4th 1032, 1044 (11th Cir. 2025) ("A Section

1981 claim requires allegations of (1) intentional racial discrimination (2) that caused a contractual injury.").  And none of the other claims even arguably asserted in Count 6 are viable, including because Defendant Johnson had probable cause to arrest Plaintiff, he used only de minimis force to effectuate the arrest (as demonstrated by the dashcam footage), and Plaintiff was never seized pursuant to legal process.

The Court could go on.  Count 6 is a nonstarter for numerous reasons.  But, given its threshold jurisdictional problems, the Court stops here and formally dismisses it only for lack of subject matter jurisdiction. *See United States v. Granda*, 2022 WL 1090991, at *2 (11th Cir. Apr. 12, 2022) ("If the district court lacks subject matter jurisdiction, it has no power to render a judgment on the merits, and it must dismiss the claim without prejudice.").

## VII.   Count 7 (Attorneys' Fees)

Count 7 asserts a claim for attorneys' fees under O.C.G.A. § 13-6-11.  (Dkt. 27 ¶¶ 82–84.)  The parties do not explicitly address this claim in their briefing.  But the Court dismisses it anyway because (1) "claims for . . . attorney's fees under O.C.G.A. § 13-6-11 are derivative of Georgia tort law claims and thus require an underlying claim"; and (2) the Court

has already dismissed Plaintiff's other claims, meaning no "underlying claim" remains. *Perkins v. Thrasher*, 701 F. App'x 887, 891 (11th Cir. 2017). Count 7 is "patently frivolous" at this point, and allowing Plaintiff to proceed with it—or to amend it—"would be futile." *Vega v. Kahle*, 2025 WL 3540349, at *5 (11th Cir. Dec. 10, 2025) ("[A] court may exercise its inherent power to dismiss a suit without giving the party who brought the case notice and an opportunity to respond if amending the complaint would be futile, or the complaint is patently frivolous.").[4]

## VIII. Conclusion

The Court **DISMISSES** Count 1 (Title VI) and Count 6 (Injunctive Relief) **WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Court otherwise **GRANTS** Defendants' Motion to Dismiss (Dkt. 28) and **DISMISSES** Plaintiff's remaining claims (Counts 2–5, and 7) **WITH PREJUDICE**. The Court **DIRECTS** the Clerk to close this case.

---

[4] To the extent Count 7 also asserts a claim for attorneys' fees under 42 U.S.C. § 1988 (Dkt. 27 ¶¶ 1, 5), the Court dismisses that claim for the same reason as the Section 13-6-11 claim: "[it] is a derivative claim, which cannot survive in the absence of an underlying substantive claim." *Jay Ire Props., LLC v. Cobb Cnty., Georgia*, 2023 WL 3066123, at *3 n.2 (N.D. Ga. Apr. 24, 2023) ("The Court has already dismissed Plaintiffs' underlying [substantive] claim. So Plaintiffs' [Section 1988] claim for attorneys' fees fails as well.").

**SO ORDERED** this 9th day of March, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE